## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT CHUCHRAN**, *an individual*,

     Plaintiff,

vs.

                                           Case No.:  17-cv-12213
                                           Hon. Avern Cohn
                                           Mag. Stephanie Dawkins Davis

**COUNTY OF MACOMB**, *a political Subdivision of the State;* and
**ERIC SMITH**, *an individual, sued in his official and personal capacity;* and
**KAREN BATHANTI**, *an individual, sued in her official and personal capacity*

     Defendants.

---

| **DEBORAH GORDON LAW** | **KELLER THOMA, P.C.** |
|---|---|
| Deborah L. Gordon (P27058) | Thomas L. Fleury (P24064) |
| Benjamin I. Shipper (P77558) | Gouri G. Sashital (P64628) |
| Irina L. Vaynerman (0396759) | Mindy G. Barry (P70298) |
| Attorneys for Plaintiff | Christopher J. Adams (P78846) |
| 33 Bloomfield Hills Parkway, Suite 220 | Attorneys for Defendants |
| Bloomfield Hills Michigan 48304-2909 | 26555 Evergreen Road, Suite 1240 |
| 248-258-2500/FAX 248-258-7881 | Southfield, Michigan 48076-4255 |
| dgordon@deborahgordonlaw.com | 313-965-0857/FAX 313-965-4480 |
| bshipper@deborahgordonlaw.com | tlf@kellerthoma.com |
| ivaynerman@deborahgordonlaw.com | gsr@kellerthoma.com |
| | mgb@kellerthoma.com |
| | cja@kellerthoma.com |

---

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES AND REQUESTS TO PRODUCE

NOW COMES Plaintiff Robert Chuchran, by and through his attorneys, Deborah Gordon Law, and for his Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories and Requests to Produce states as follows:

1.      This is an action against Defendants Macomb County, Eric Smith, and Karen Bathanti for their violations of Plaintiff's First Amendment and Due Process rights by retaliating against Plaintiff for reporting Defendants' violations of law.

2.      While Plaintiff Robert Chuchran was an investigator for the Macomb County Prosecutor's Office, he reported that Defendants were violating Law Enforcement Information Network (LEIN) laws and regulations by (among other things) requesting unconstitutional arrest warrants for noncustodial parents, claiming they had violated a child support order, even though no court order had been violated.

3.      This Motion is brought under Fed. R. Civ. P. 26 and 37 to compel Defendants to answer and respond to Plaintiff's First Set of Interrogatories and Requests to Produce to Defendant (collectively, "Plaintiff's Discovery").

4.      Plaintiff served his First Set of Discovery Requests on September 8, 2017.

5.      On September 28, 2017, Defendants served their responsive pleading to Plaintiff's First Set of Discovery Requests, but they failed to substantively respond to Plaintiff's Requests to Produce 1 and 2.

6.      Request to Produce 1 requested that Defendants produce "copies of the civil support summonses issued and served or attempted to be served by the Macomb County Prosecutor's Office from January 1, 2015 to January 31, 2015, and from April 1, 2016 to April 31, 2016." **Ex. A**, Defendants' Responses to Plaintiff's First Set of Discovery Requests.

7.      Request to Produce 2 requested that Defendants produce "copies of Requests for Warrant Authorizations completed from January 1, 2015 to January 31, 2015, and from June 1, 2016 to June 31, 2016, by the Macomb County Prosecutor's Office for disorderly person nonsupport charges, pursuant to MCL 750.167(1)(A), after the civil child support summonses for the alleged defendant expired." *See id.*

8.      As discussed in more detail in the Brief, the information requested in Requests 1 and 2 is relevant for Plaintiff establishing that Plaintiff's protected speech about Defendants' LEIN violations (including their practice of issuing false arrest warrants for noncustodial parents after a civil summons expired) was a motivating factor in Defendants' adverse employment actions against Plaintiff. *See Rodgers v. Banks*, 244 F.3d 587, 602 (6th Cir. 2003) (element of a plaintiff's prima facie case for First Amendment retaliation claim is that plaintiff's protected speech served as a "substantial or motivating factor" in the defendants' adverse employment action).

2

9.      On October 18, 2017, Plaintiff's counsel contacted Defendants' counsel via email requesting that Defendants supplement their responses to Plaintiff's Discovery Requests. **Ex. B,** Oct. 18, 2017 Email.

10.      On October 20, 2017, Defendants' counsel contacted Plaintiff's counsel by phone and stated that they would not agree to supplement their responses to Requests 1 and 2.

11.      Pursuant to the Court's instructions, Plaintiff then contacted the Court to schedule a phone call with the Court and Defendants' counsel in an effort to resolve this discovery dispute.

12.      On October 25, 2017, the Court held a telephonic conference with the parties (Dkt. #13) and permitted Plaintiff to pursue a Motion to Compel in order for the Court to be able to fully review the discovery dispute between the parties.

13.      Federal Rule of Civil Procedure 26(g)(1)(B)(ii) requires that a "with respect to a discovery request, response, or objection, it is . . . not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

14.      Fed. R. Civ. P. 37(a)(3)(B)(iv) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to produce documents."

3

15.     Plaintiff has in good faith attempted to confer with counsel for Defendants on this matter by promptly following up with Defendants after Defendants failed to substantively respond to Plaintiff's discovery requests.

16.     The information sought in Requests to Produce 1 and 2 is directly relevant for Plaintiff to establish his First Amendment retaliation claim and to counter any of Defendants' affirmative defenses to this claim.   Moreover, the documentation sought is easily accessed because while Plaintiff was employed for the Macomb County Prosecutor's Office he created an Excel document/spreadsheet tracking the names of individuals for whom civil support summonses were issued (and expired) and for whom arrest warrants for disorderly person nonsupport charges were requested.   Accordingly, Plaintiff's requests are relevant, narrowly tailored, and not burdensome.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Defendants to answer and respond to Plaintiff's First Set of Interrogatories and Requests to Produce Documents to Defendants and substantively respond to Requests 1 and 2, and enter costs and attorney fees for preparing and appearing for this Motion.

Dated: October 31, 2017                **DEBORAH GORDON LAW**
                                        /s/ Irina L. Vaynerman (0396759)
                                        Deborah L. Gordon (P27058)
                                        Benjamin I. Shipper (P77558)
                                        Irina L. Vaynerman (0396759)
                                        Attorneys for Plaintiff

4

33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT CHUCHRAN**, *an individual*,

      Plaintiff,

vs.

**COUNTY OF MACOMB,** *a political Subdivision of the State;* and
**ERIC SMITH**, *an individual, sued in his official and personal capacity;* and
**KAREN BATHANTI**, *an individual, sued in her official and personal capacity*

      Defendants.

Case No.: 17-cv-12213
Hon. Avern Cohn
Mag. Stephanie Dawkins Davis

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Benjamin I. Shipper (P77558)
Irina L. Vaynerman (0396759)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304-2909
248-258-2500/FAX 248-258-7881
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com

**KELLER THOMA, P.C.**
Thomas L. Fleury (P24064)
Gouri G. Sashital (P64628)
Mindy G. Barry (P70298)
Christopher J. Adams (P78846)
Attorneys for Defendants
26555 Evergreen Road, Suite 1240
Southfield, Michigan 48076-4255
313-965-0857/FAX 313-965-4480
tlf@kellerthoma.com
gsr@kellertoma.com
mgb@kellertoma.com
cja@kellerthoma.com

---

# PLAINTIFF'S MOTION TO COMPEL
# DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF
# INTERROGATORIES AND REQUESTS TO PRODUCE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................ii

I.      RELEVANT FACTUAL BACKGROUND ..................................................................1

        A.     Defendants maintain unlawful practice of requesting false arrest
               warrants ..........................................................................................................2

        B.     Defendants have admitted their LEIN violations date back decades .................4

        C.     Michigan State Police confirm that Defendants violate the law .........................5

        D.     Defendants remove Plaintiff from TAC role in retaliation for LEIN
               reporting..........................................................................................................5

II.     RELEVANT PROCEDURAL BACKGROUND .........................................................6

III.    ANALYSIS...............................................................................................................8

        A.     Standard of Review..........................................................................................8

        B.     Requests 1 and 2: Civil Child Support Summonses and Requests for
               Warrant Authorizations ...................................................................................9

               1.     Plaintiff's requests are narrowly tailored .................................................10

               2.     The documentation Plaintiff seeks is directly relevant for
                      establishing Plaintiff's claims....................................................................11

               3.     The documentation Plaintiff seeks is relevant for disproving
                      Defendants' defenses ................................................................................12

               4.     Plaintiff's requests are not unduly burdensome.......................................14

IV.     CONCLUSION.......................................................................................................16

        CERTIFICATE OF SERVICE ...............................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*Bobo v. United Parcel Serv., Inc.*,
    665 F.3d 741 (6th Cir. 2012) ...............................................................................13

*Cockrel v. Shelby Cnty. School Dist.*,
    270 F.3d 1036 (6th Cir. 2001) .............................................................................13

*Culwell v. City of Fort Worth*,
    468 F.3d 868 (5th Cir. 2007) ...............................................................................13

*Dye v. Office of the Racing Com'n*,
    702 F.3d 286 (6th Cir. 2012) ...............................................................................14

*Ehrich v. Kovak*,
    135 F. Supp. 3d 638 (N.D. Ohio 2015) ........................................................ 11, 12

*Hall v. Sullivan*,
    231 F.R.D. 468 (D. Md. 2005) .............................................................................15

*Krewson v. City of Quincy*,
    120 F.R.D. 6 (D. Mass. 1988) ..............................................................................15

*Lewis v. ACB Bus. Servs.*,
    135 F.3d 389 (6th Cir. 1998) .................................................................................8

*McMahan & Co. v. Po Folks, Inc.*,
    206 F.3d 627 (6th Cir. 2000) ...............................................................................14

*Oates v. Target Corp.*,
    No. 11-CV-14837, 2012 WL 4513731 (E.D. Mich. Oct. 2, 2012) .......................8

*PML N. America, LLC v. World Wide Personnel Servs. of Va.*, No. CIV.A.
    06CV14447-DT, 2008 WL 1809133 (E.D. Mich. Apr. 21, 2008).......................15

*Rodgers v. Banks*,
    244 F.3d 587 (6th Cir. 2003) ...............................................................................12

*Van Buren v. Ohio Dep't of Pub. Safety*,
    996 F. Supp. 2d 648 (S.D. Ohio 2014)................................................................14

ii

*Watts v. Kimmerly*,
  No. 1:95-CV-279, 1996 WL 911254 (W.D. Mich. Apr. 12, 1996) ....................9

**Other Authorities**

Fed. R. Civ. P. 26(b)(1).............................................................................8

Fed. R. Civ. P. 26(g)(1)(B)(ii) ...................................................................8

Fed. R. Civ. P. 34(b)(2)(B) .......................................................................15

Fed. R. Civ. P. 37(a)(3)(B)(iv)...................................................................8

Fed. R. Civ. P. 37(a)(5)(A) .......................................................................16

Fed. R. Evid. 401 .......................................................................................8

MCL 750.167(1)(a)........................................................................... *passim*

iii

## I.     RELEVANT FACTUAL BACKGROUND

This is an action against Defendants Macomb County, Eric Smith, and Karen Bathanti for their violations of Plaintiff's First Amendment and Due Process rights.  While Plaintiff was an investigator for the Macomb County Prosecutor's Office, Plaintiff reported that Defendants were violating Law Enforcement Information Network (LEIN) laws and regulations by (among other things) requesting unconstitutional arrest warrants for noncustodial parents, claiming they had violated a child support order, even though no court order had been violated.

Under Michigan state law, custodial parents who receive public assistance from the government are required to go to the Prosecutor's Office to initiate a child support case for a noncustodial parent.   **Ex. I**, Torey Dep. 57-58. Once the custodial parent appears at the Prosecutor's Office, the Office generates a civil summons requiring the noncustodial parent to attend a child support interview, during which an Assistant Prosecuting Attorney will meet with the noncustodial parent to establish a child support payment plan that is submitted to the family court judge for entry as a court order. *See id.* 57-58, 63.  If a noncustodial parent is later in violation of the child support order, he or she may be charged with "disorderly person non-support," under MCL 750.167(1)(A).   However, as described in more detail below, Defendants have engaged and continue to knowingly engage in unlawfully requesting arrest warrants for noncustodial

1

parents for "disorderly person non-support" even though <u>no child support order has ever been entered</u>.

### A.    Defendants maintain unlawful practice of requesting false arrest warrants.

In December 2014, Defendants appointed Plaintiff the LEIN Termination Agency Coordinator ("TAC") for the Macomb County Prosecutor's Office. The next month, Plaintiff went to TAC training, which was hosted by the Michigan State Police (MSP).  Immediately upon returning from the training, Plaintiff alerted his supervisors verbally and in writing about LEIN violations at the Prosecutor's Office. **Ex. G,** Keith Dep. 17:23–18:2; 48:8-11.[1] Plaintiff also contacted a LEIN Field Services officer from the MSP to report the violations.

Among several other violations, Plaintiff reported that Defendants were violating the law by engaging in what was essentially an unlawful arrest warrant scam by requesting false <u>criminal</u> arrest warrants for "disorderly person non-support," under MCL 750.167(1)(A), for cases in which a <u>civil</u> child support summonses had expired, a court had <u>never</u> entered an order requiring support payment, and where the matter was entirely <u>civil</u> in nature. *See, e.g.*, Compl. ¶ 23 (Dkt. #1). In order to be considered a "disorderly person" under MCL 750.167, a parent must have been determined to be of "sufficient ability" to pay child support,

---

[1]    This case has a unique posture as discovery has already been completed in the related Macomb County state court case, where Plaintiff has alleged a violation of the Michigan Whistleblower's Protection Act.

2

and consequently failed to pay that support. *See* MCL 750.167(1)(a). However, in these cases, it was never determined whether the noncustodial parents even had sufficient ability to pay.

Defendants requested these false criminal arrest warrants for the unlawful reason of serving a noncustodial parent with a civil child support summons. *See* **Ex. C,** Kirshner Dep. 25:25-26:8. These false arrest warrants would be entered into the LEIN system, and thus the LEIN system would be accessed improperly. **Ex. D**, Chuchran Dep. 326:1-4. If the arrest was successful, Defendants would then serve the noncustodial parent with the <u>civil</u> child support summons in court, and then immediately dismiss the criminal charge before the court had the opportunity to recognize Defendants' unlawful acts. *See* **Ex. C,** Kirshner Dep. 25:25-26:8; **Ex. E**, Langtry Dep. 95-96.

The Prosecutor's Office is motivated to request these false arrest warrants for the sole purpose of ultimately serving the noncustodial parent with the civil child support summons because the Office's federal funding is tied to the percentage of civil summonses successfully served. **Ex. I**, Torey Dep. 55:25-56:24. If Defendants are unable to successfully serve the civil summonses, the funds they receive from the federal government will decline. *See id.* In other words, Defendants seek to have innocent citizens arrested for criminal charges on a basis they <u>know to be false</u> in order to obtain or maintain grant funding.

3

**B.** **Defendants have admitted their LEIN violations date back decades.**

Defendants have admitted that they have been committing the LEIN violations, which Plaintiff reported, for decades. Under Prosecutor Carl Marlinga,[2] then-LEIN Terminal Agency Coordinator (TAC) Diane Shinska completed audit forms for the State of Michigan inaccurately. **Ex. D**, Chuchran Dep. 19:4-10; **Ex. E**, Langtry Dep. 19:13-16. Specifically, Plaintiff saw Ms. Shinska's signature on audit forms, on which she falsely attested that "all LEIN was pulled and shredded, and in fact, they weren't." **Ex. D**, Chuchran Dep. 19:12-13.

Chief of Operations for the Macomb County Prosecutor's Office, James Langtry, testified that for the past "29 years" the Prosecutor's Office has been obtaining false arrest warrants for "disorderly person non-support," under MCL 750.167(1)(A), for cases in which a child support order has never been entered. **Ex. E**, Langtry Dep. 95:12-96:20. Langtry acknowledged that the practice is not lawful but said he "still ha[s] no problem with it whatsoever." *See id.* Assistant Prosecuting Attorney (APA) Beth Kirshner also confirmed that the false arrest

---

[2]    As an aside, Plaintiff's Macomb County Circuit Court companion case was initially assigned to Judge Diane M. Druzinski. On January 1, 2017, Carl J. Marlinga became a Macomb County Circuit Court judge, and Plaintiff's case was transferred to Judge Marlinga. Plaintiff filed a Motion for Recusal, given then-Prosecutor Marlinga's personal history with the Prosecutor's Office and the LEIN issues Plaintiff reported. Judge Marlinga denied Plaintiff's Motion for Recusal. In a 2-1 vote, the Michigan Court of Appeals upheld Judge Marlinga's order.

4

warrant practice is a carryover from the Marlinga era. **Ex. C**, Kirshner Dep. 46:6-19.

### C.    Michigan State Police confirm that Defendants violate the law.

Each time Defendants request the false arrest warrants described above, the arrest warrant is entered in the LEIN system.  Therefore, when a noncustodial parent's <u>civil</u> child support case is entered in the LEIN system through an unlawful arrest warrant, LEIN is then subsequently run on those child support cases. Elizabeth Canfield, LEIN policy analyst for the MSP, testified that it is unlawful for Defendants to access LEIN on *any* civil cases – including civil support cases. **Ex. F**, Canfield Dep. 13:11-13 ("Is it also illegal or against policy to access LEIN for any civil purpose? A: Yes."). Accordingly, in addition to requesting unconstitutional arrest warrants, Defendants also violate LEIN laws every time they request these false arrest warrants.

### D.    Defendants remove Plaintiff from TAC role in retaliation for LEIN reporting.

Within 7 days of returning from TAC training in December 2014 and reporting LEIN violations, Defendants removed Plaintiff as the TAC.   **Ex. D**, Chuchran Dep. 348:1-8. Defendants <u>admit</u> that they removed Plaintiff from TAC because of his complaints. **Ex. G**, Keith Dep. 68-69 (removed because he alerted Defendants "they were committing felonies because of the LEIN violations he learned of"); **Ex. H**, Satterly Dep. 67:6-14 (removed because he "was arguing

5

about of the LEINs that were being run in [the] paternity [division]" and his complaints were a "disruption"). In fact, Chief Investigator Byron Satterly, called Plaintiff a "LEIN Nazi." *See id.* 104:12-22. For the next several months, Defendants systematically restricted Plaintiff's job duties. Plaintiff was no longer permitted to assist with courtroom technology, assist with trials, or deliver OWI forfeiture fund envelopes to police stations in the County. **Ex. D**, Chuchran Dep. 411:17-22; 421-22. In further retaliation for Plaintiff reporting these LEIN violations, Defendants suspended Plaintiff twice without pay, relocated Plaintiff to a storage room and then a warehouse, and significantly changed his job duties. *See, e.g.*, Compl. ¶¶ 36, 39, 40, 53, 56, 57 (Dkt. #1). The working conditions ultimately became unbearable, and Plaintiff was forced to retire in July 2016. **Ex. D**, Chuchran Dep. 702:4-9.

## II.    RELEVANT PROCEDURAL BACKGROUND

Plaintiff served his First Set of Discovery Requests on September 8, 2017. On September 28, 2017, Defendants served their responsive pleading to Plaintiff's First Set of Discovery Requests, but failed to substantively respond to Plaintiff's Requests to Produce 1 and 2. Request to Produce 1 requested that Defendants produce "copies of the civil support summonses issued and served or attempted to be served by the Macomb County Prosecutor's Office from January 1, 2015 to January 31, 2015, and from April 1, 2016 to April 31, 2016." **Ex. A**, Defendants'

Responses to Plaintiff's First Set of Discovery Requests.  Request to Produce 2 requested that Defendants produce "copies of Requests for Warrant Authorizations completed from January 1, 2015 to January 31, 2015, and from June 1, 2016 to June 31, 2016, by the Macomb County Prosecutor's Office for disorderly person nonsupport charges, pursuant to MCL 750.167(1)(A), after the civil child support summonses for the alleged defendant expired."  *See id.*

The information requested in Requests 1 and 2 is relevant for Plaintiff establishing that Plaintiff's protected speech about Defendants' LEIN violations (including their practice of issuing false arrest warrants for noncustodial parents after a civil summons expired) was a motivating factor in Defendants' adverse employment actions against Plaintiff.  In addition, the information sought by Plaintiff is directly relevant for establishing Plaintiff's First Amendment retaliation claim and to counter any of Defendants' affirmative defenses.  Moreover, the documentation sought is easily accessed because while Plaintiff was employed for the Macomb County Prosecutor's Office he created an Excel document/spreadsheet which the County used to track the names of individuals for whom civil support summonses were issued (and expired) and for whom arrest warrants for disorderly person nonsupport charges were requested.  Accordingly, Plaintiff's requests are relevant, narrowly tailored, and not burdensome.

7

# III.  ANALYSIS

## A.  Standard of Review

Defendants must be compelled to provide answers and responses to Plaintiff's Discovery requests.  Federal Rule of Civil Procedure 26(g)(1)(B)(ii) requires that a "with respect to a discovery request, response, or objection, it is . . . not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 37(a)(3)(B)(iv) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to produce documents."

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *See Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Moreover, "'[f]ull discovery is particularly warranted where a case[, as here,] is based on federally-protected civil rights.'"  *Oates v. Target Corp.*, No. 11-CV-14837, 2012 WL 4513731, at *4

8

(E.D. Mich. Oct. 2, 2012), *objections overruled*, No. 11-14837, 2012 WL 6608752

(E.D. Mich. Dec. 18, 2012) (quoting *Watts v. Kimmerly*, No. 1:95-CV-279, 1996

WL 911254, at *2 (W.D. Mich. Apr. 12, 1996)).

Here, Defendants refuse to produce documentation in response to Plaintiff's

discovery requests regarding their unlawful conduct, for the seemingly sole

purpose of harassing Plaintiff to prevent him from obtaining relevant

documentation which is critical to establishing his claims. Defendants are

desperate to prevent Plaintiff from being able to obtain documentation which

reveals and confirms their practice of requesting false arrest warrants.

Below, Plaintiff outlines the documentation that he seeks to compel through

this Motion.

### B.    Requests 1 and 2: Civil Child Support Summonses and Requests for Warrant Authorization

Defendants refused to produce (or provide for inspection) copies of the civil

child support summonses and requests for warrant authorization that Plaintiff

requested. One of Plaintiff's claims in his Complaint is that Defendants retaliated

against Plaintiff for exercising his free speech rights when he complained about

Defendants' unlawful use of the LEIN system by requesting arrest warrants for

noncustodial parents after civil summonses expire, but before a child support order

has ever been entered or breached. *See* Compl. ¶¶ 103-112 (Dkt. #1). As noted

above, in Request 1, Plaintiff requested that Defendants produce "copies of the

civil support summonses issued and served or attempted to be served by the Macomb County Prosecutor's Office from January 1, 2015 to January 31, 2015, and from April 1, 2016 to April 31, 2016." **Ex. A**, Defendants' Responses to Plaintiff's First Set of Discovery Requests. In Request 2, Plaintiff requested that Defendants produce "copies of Requests for Warrant Authorizations completed from January 1, 2015 to January 31, 2015, and from June 1, 2016 to June 31, 2016, by the Macomb County Prosecutor's Office for disorderly person nonsupport charges, pursuant to MCL 750.167(1)(A), after the civil child support summonses for the alleged defendant expired." *See id.* In response to both requests, Defendants objected stating that the requests were "overbroad, general, irrelevant, and outside the scope of discoverable evidence under FRCP 26(b)." *Id.*

### 1.    Plaintiff's requests are narrowly tailored.

Plaintiff's requests were narrowly tailored.  The requests clearly were not overbroad or general, as Defendants erroneously state, because the requests were limited to a <u>specific</u> set of documents for a <u>very</u> limited period of time. Plaintiff limited the documentation sought to a <u>two month period</u> for both requests and requested a narrow set of documents: (1) civil child support summonses issued and served or attempted to be served; and (2) warrant authorization requests for disorderly person nonsupport charges for individuals for whom a civil child support summons expired.

10

## 2.    The documentation Plaintiff seeks is directly relevant for establishing Plaintiff's claims.

Moreover, the civil support summonses and warrant authorization requests are directly relevant to Plaintiff's claims.  First, Plaintiff intends to prove that Defendants were <u>in fact</u> acting unlawfully by committing LEIN violations and by requesting false arrest warrants for noncustodial parents after civil summonses expired. Documentation demonstrating that Defendants requested false arrest warrants, in cases where a noncustodial parent was never even served with a child support summons and no child support order was ever entered, will be critical for proving to the jury that Defendants were in fact acting unlawfully.  The documents requested will reflect this casual connection – *i.e.*, noncustodial parents with expired civil support summonses will have arrest warrants requests.

Insofar as Defendants may argue that Plaintiff need not establish that Defendants were in fact violating the law and may simply argue that Plaintiff had a good faith belief that Defendants were violating the law, this argument fails. Plaintiff intends to argue that Defendants were <u>in fact</u> violating the law, and cannot be limited in how he presents this claim to the jury.  In *Ehrich v. Kovak*, 135 F. Supp. 3d 638, 646 (N.D. Ohio 2015), the plaintiff alleged First Amendment retaliation, and claimed that she was retaliated against once she reported one of the defendant's unlawful misuse of public funds.  The plaintiff in *Ehrich* alleged that the defendant had in fact acted unlawfully, and her protected speech concerned that

11

unlawful behavior. *See id.* The *Ehrich* plaintiff alleged that the defendant had acted unlawfully (not just that she believed the behavior to be unlawful), and she also alleged that the defendant had entered a plea of no contest to the first degree misdemeanor charge of misuse of public funds. *See id.* Similarly, in this case, Plaintiff alleges that Defendants acted unlawfully by repeatedly violating LEIN laws and by unlawfully requesting arrest warrants and entering those unlawful warrants into the LEIN system. *See, e.g.*, Compl. ¶¶ 23, 26, 27 (Dkt. #1). Accordingly, Plaintiff is entitled to set forward his case before a jury to show that Defendants' actions were in fact unlawful. In order to do so, Plaintiff is entitled to documentation demonstrating how Defendants would request warrant authorizations for noncustodial parents once their civil child support summonses expired.

Additionally, the documentation Plaintiff seeks will be critical for demonstrating to the jury that Defendants had a motive to force Plaintiff out of the Prosecutor's Office, thereby ensuring that he no longer had access to tracking Defendants' arrest warrant requests and LEIN access. Defendants were terrified and irritated by the prospect of Plaintiff further exposing their unlawful practices. An element of Plaintiff's prima facie case for his First Amendment retaliation claim is that his protected speech was a "substantial or motivating factor" for Defendants' adverse employment actions against Plaintiff. *See Rodgers v. Banks*,

12

244 F.3d 587, 602 (6th Cir. 2003). Documented proof of Defendants' unlawful practices, coupled with additional evidence demonstrating that Defendants were incentivized to prevent further exposure of their unlawful practice, is critical for establishing the requisite causal connection that Plaintiff must prove for his First Amendment retaliation claim. *See Cockrel v. Shelby Cnty. School Dist.*, 270 F.3d 1036, 1058-60 (6th Cir. 2001) (plaintiff's evidence demonstrating casual connection was sufficient for plaintiff to survive summary judgment for First Amendment retaliation claim). Accordingly, the documentation Plaintiff seeks is directly relevant for establishing his prima facie case. Defendants, however, have refused to produce the documentation requested because they remain terrified that further exposure of their unlawful practice will lead to grave repercussions, including but not limited to being forced to halt this unlawful practice and suffer the consequences of negative political and public exposure.

### 3.    The documentation Plaintiff seeks is relevant for disproving Defendants' defenses.

Plaintiff also intends to use documentation of Defendants' unlawful practices to demonstrate that any defense Defendants will raise to Plaintiff's First Amendment retaliation claim is mere pretext. *See Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 873-74 (5th Cir. 2007) for the principle that plaintiffs are entitled to discover evidence that is relevant for proving pretext); *Vanburen v. Ohio Dep't of*

13

*Public Safety*, No. 2:11-CV-1118, 2013 WL 1990080, at *3 (S.D. Ohio May 13, 2013), *objections overruled sub nom. Van Buren v. Ohio Dep't of Pub. Safety*, 996 F. Supp. 2d 648 (S.D. Ohio 2014) (holding that discovery was permitted because it had a "bearing on the issue of pretext"). While a plaintiff in a First Amendment retaliation case is not required to show pretext, such a showing supports the credibility of his case, and undercuts the credibility of the defendant's defense. *See Dye v. Office of the Racing Com'n*, 702 F.3d 286, 296 (6th Cir. 2012) (holding that district court erred in granting summary judgment on plaintiff's First Amendment retaliation claims because plaintiff presented evidence showing that defendant's defenses were pretextual).[3] Documentation of Defendants' unlawful practices will decrease the credibility of any of Defendants' defenses that they were not retaliating against Plaintiff for protesting the unlawful LEIN access and unlawful arrest warrant requests.

### 4.   Plaintiff's requests are not unduly burdensome.

To the extent that Defendants object to producing these documents because it is overly burdensome, this objection fails. First, Defendants <u>failed</u> to raise this objection in response to Plaintiff's discovery requests. *See* **Ex. A,** Defendants' Responses to Plaintiff's First Set of Discovery Requests. Therefore, pursuant to

---

[3]     Additionally, there is a "general rule" that "[w]here relevant information . . . is in the possession of one party and not provided, then an adverse inference may be drawn that such information would be harmful to the party who fails to provide it." *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 632-33 (6th Cir. 2000).

14

Fed. R. Civ. P. 34(b)(2), this objection is waived. *See* Fed. R. Civ. P. 34(b)(2)(B) & (C) (the response must state "with specificity the ground for objecting to the request, including the reasons," and "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection"); *PML N. America, LLC v. World Wide Personnel Servs. of Va.*, No. CIV.A. 06CV14447-DT, 2008 WL 1809133, at *1 (E.D. Mich. Apr. 21, 2008) (holding that defendants waived objections to plaintiff's discovery requests because even a boilerplate objection in a discovery response is "tantamount to filing no objections at all"); *see also Hall v. Sullivan*, 231 F.R.D. 468, 473-74 (D. Md. 2005) (failure to object with particularity to document production request waives objection); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (same).

Second, even if the Court considers this purported defense, the objection still fails on its merits. Plaintiff maintained an Excel document which tracked the dates and names for each civil child support summonses issued and expired, as well as the dates and names for each arrest warrant for disorderly person nonsupport which was requested. **Ex. D**, Chuchran Dep. 263:10-25 ("I created a spreadsheet for the date, the name that was ran, who it was for and the reason." And "I gave [the Excel spreadsheet] to every one of the LEIN operators, [Deputy Chief Investigator] Craig [Keith], Michelle and myself.") Defendants are well aware of this fact, as they are in possession of the document, and Plaintiff testified about this spreadsheet during

15

his deposition Defendants took in the related state court action. *See id.* Accordingly, Defendants need not individually review hundreds of records to locate the relevant civil summonses or arrest warrant requests. Rather, a detailed and organized document, which Plaintiff created while he was employed by Defendants, tracks all of the relevant information requested. Defendants can easily use this document as a guide when locating the relevant documents requested.

## IV.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Defendants to answer and respond to Plaintiff's First Set of Interrogatories and Requests to Produce Documents to Defendants, and enter costs and attorney fees[4] for preparing and appearing for this Motion.

Dated: October 31, 2017

**DEBORAH GORDON LAW**
**/s/ Irina L. Vaynerman (0396759)**
Deborah L. Gordon (P27058)
Benjamin I. Shipper (P77558)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com

---

[4]    If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Here, Plaintiff conferred with Defendants but Defendants have maintained an unjustified position. Accordingly, costs and fees are appropriate in this case.

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2017 I electronically filed with the foregoing Motion to Compel Discovery, Brief and Exhibits with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**DEBORAH GORDON LAW**
**<u>/s/Irina L. Vaynerman (0396759)</u>**
Deborah L. Gordon (P27058)
Benjamin I. Shipper (P77558)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
bshipper@deborahgordonlaw.com
ivaynerman@deborahgordonlaw.com

17